ANTONIA MARTÍNEZ SANTIAGO, demandante y recurrente, *v.* PEDRO DALMAU ANDRADES, demandado y recurrido.

*Número:* R-64-255      *Resuelto:* 18 de febrero de 1966

---

*Jaime Escanellas,* abogado de la recurrente; el recurrido no compareció.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El Tribunal Superior, Sala de San Juan, dictó sentencia declarando sin lugar una demanda de desahucio en precario interpuesta por la recurrente Antonia Martínez Santiago contra el recurrido Pedro Dalmau Andrades. En la vista del caso ante el Tribunal sentenciador las partes estipularon los siguientes hechos:

"1) Que mediante contrato otorgado ante Notario Público el 26 de septiembre de 1947, la demandante compró con dinero privativo de ella una propiedad localizada en la Calle Laguna, Número 215, Barrio Playita, San Juan, Puerto Rico.

2) Que a mediados de 1960 la demandante empezó a vivir en concubinato con el demandado, viviendo ambos con sus hijos en la casa propiedad de la demandante.

3) Que durante el tiempo que las partes vivieron juntos se le hicieron mejoras sustanciales a la propiedad entre las cuales se encuentran piso y baño nuevo de concreto, balcón y frente de concreto, y ampliaciones que llevaron la casa hasta las dimensiones de 24 pies de frente por 40 pies de fondo.

4) Que las mencionadas mejoras y ampliaciones se hicieron con dinero privativo de ambos."

El tribunal a quo resolvió que si bien era verdad que la propiedad objeto de la acción "era privativa de la parte demandante, a dicha propiedad se le hicieron reparaciones y ampliaciones sustanciales habiendo aportado dinero para dichas construcciones y ampliaciones, tanto la demandante como el demandado, por lo que el demandado tiene parte en dicha propiedad, por lo que surge un conflicto de título entre el derecho de las partes en dicha propiedad."

La acción de desahucio la promovió la demandante después de haber abandonado la residencia con motivo de desavenencias surgidas entre ella y su concubino.

Reiteradamente hemos resuelto que la acción de desahucio en precario no debe prosperar cuando existe un conflicto de título entre el demandante y el demandado.[1] Sin embargo ese conflicto no existe en el presente caso. El supuesto título de dominio del demandado descansa exclusivamente en su aportación de dinero para las reparaciones y ampliaciones hechas a la propiedad en litigio.

[1] *Díaz* v. *Morales*, 39 D.P.R. 73 (1929) y casos allí citados; *Sucn. Dávila* v. *Collazo*, 41 D.P.R. 174 (1930); *Escudero* v. *Mulero*, 63 D.P.R. 574 (1944); *Ríos* v. *Román*, 71 D.P.R. 207 (1950) y casos allí citados; *Vélez* v. *Franqui*, 82 D.P.R. 762 (1961).

■ En *Cruz* v. *Sanz*, 67 D.P.R. 173 (1947), este Tribunal resolvió, citando una sentencia del Tribunal Supremo de España, que "sólo puede existir el conflicto de título cuando el demandado opone un título de dominio que tienda a justificar que la posesión en que se halla no es la de arrendatario, administrador, custodio del inmueble o lo disfrute en concepto de precarista, es decir, sin título, por la tolerancia del dueño y sin satisfacer renta o merced alguna". También ha resuelto este Tribunal que una mera alegación de título desprovista de prueba es insuficiente para derrotar la acción de desahucio. *Pérez Pimentel* v. *Castro*, 52 D.P.R. 274, 282 (1937).

■ En el caso de *Correa* v. *Quiñones*, 29 D.P.R. 52 (1921) no prosperó la acción de desahucio interpuesta por la allí demandante contra su ex-concubino, pero en ese caso se alegó y se probó (1) que la casa pertenecía a la demandante y al demandado en común pro indiviso por haberse construido con dinero de los dos mientras vivían en concubinato, y (2) que al terminar la vida común entre ambos la demandante convino con el demandado en que daría a éste la mitad de la casa o en que ella se quedaría con la misma pagando cien dólares por su participación al demandado, quedando éste en la casa hasta que recibiera el pago de dicha cantidad. Ya en *Schuck* v. *Verdejo*, 43 D.P.R. 68 (1932), señaló este Tribunal que el hecho de que la demandada hubiera vivido la casa objeto del desahucio por más de treinta años y hubiera hecho reparaciones a la misma no presentaba un conflicto de título suficiente para derrotar la acción ejercitada. Nuestro Código Civil no contiene disposiciones regulatorias de las relaciones concubinarias en lo que al dominio respecta de los bienes adquiridos por ellos durante dichas relaciones.(²) Sin embargo hemos reconocido alguna

---

(²) De la mera existencia de un concubinato no surge una sociedad sobre bienes inmuebles. *Santos Cabrera* v. *Matos*, 39 D.P.R. 927 (1929); ni el mero concubinato crea un conflicto de títulos, *Mojica* v. *González*, 43 D.P.R. 999 (1932).

participación de uno de los concubinos en los bienes adquiridos durante su relación concubinaria fundada siempre en el convenio celebrado entre los concubinos, y, en ausencia de convenio, en la labor y el esfuerzo realizado por cada uno de ellos para adquirirlos; [3] pero en el presente caso la casa fue adquirida por la demandante antes de ir a vivir en concubinato con el demandado y la inversión posterior de éste fue para hacer las mejoras.

■ La contribución del demandado en las mejoras hechas a la propiedad durante el concubinato no le confiere título de dominio sobre el referido inmueble a falta de convenio a ese respecto. Si algún crédito tiene el demandado contra la demandante por ese concepto no puede considerarse tal crédito como título de dominio, en cuyo único caso surgiría el conflicto que no puede dirimirse en una acción de desahucio.

■ En una opinión Per Curiam en el caso de *Buitrago* v. *González*, 43 D.P.R. 1024 (1932) este Tribunal aceptó como correcto el razonamiento del tribunal sentenciador al efecto de que:

"Aun aceptando que estos hechos sean ciertos y que el demandado hubiese empleado en reparar la casa en cuestión ciertas cantidades de dinero, entendemos que ese hecho de por sí no le da un título sobre dicha propiedad y que a lo sumo él tendría una causa de acción en contra de Juana Quiñones para reclamar y obtener de ésta el importe del dinero que hubiese empleado en dichas mejoras, no apareciendo de la prueba presentada que existiera entre el demandado y la Juana Quiñones un convenio expreso por virtud del cual ésta cediera a aquél y a cambio del dinero invertido en dicha propiedad por concepto de mejoras, un condominio o participación en la misma y que este hecho que supone una transferencia de dominio a favor del referido González se hiciera constar de una manera clara y eficaz para poder llegar a la conclusión de que la propiedad en cuestión dejó de pertenecer

---

[3] *Pérez* v. *Cruz*, 70 D.P.R. 933 (1950); *Torres* v. *Roldán*, 67 D.P.R. 367 (1947); *Pereles* v. *Martinó*, 73 D.P.R. 848 (1952).

en su totalidad a la referida Juana Quiñones y vino a convertirse en un bien común perteneciente a ambos concubinos.

. "Por tal razón la corte entiende que habiendo acreditado suficientemente el demandante por medio de un título escrito y otorgado ante notario, que adquirió la finca en cuestión de Juana Quiñones, quien a su vez, a nuestro juicio, tenía la propiedad total de la misma y el derecho para transmitirla a quien tuviere por conveniente, él tiene derecho a establecer la presente acción de desahucio y a obtener la posesión de la finca en cuestión, según lo solicita y procede por tanto declarar con lugar la demanda de desahucio presentada en este caso. . . ."

Ratificamos una vez más dicha doctrina. *En su consecuencia se revocará la sentencia apelada y se dictará otra decretando el desahucio del demandado.*