Colón Birriel, Juez Ponente
*1045 TEXTO COMPLETO DE LA SENTENCIA
I
La entonces demandante aquí apelante Raquel Valentín Martis ("Valentín") interésala revocación de -la resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 6 de junio de 1997. [1] Mediante el dictamen en cuestión, el foro de instancia desestimó la demanda que sobre "Fraude, Nulidad de Actos Jurídicos e Injunction" presentara Valentín contra la entonces co-demandada Ana M. Ramos ("Ramos").
El 18 de junio de 1997, Valentín solicitó reconsideración al dictamen, reconsideración que fue declarada no ha lugar el 25 de junio de 1997.
II
Surge de los escritos que, el 24 de enero de 1997, Valentín presentó demanda solicitando nulidad de actos jurídicos por fraude e injunction contra José Ortiz Hernández, Ana M. Ramos, el Estado Libre Asociado de Puerto Rico y el Departamento de la Vivienda fueron emplazados conforme al procedimiento.
Así las cosas, Ramos contestó la demanda levantando varias defensas afirmativas, entre ellas la de cosa juzgada. Alegó la existencia de una sentencia final y ejecutable mediante la cual el Tribunal de Primera Instancia, Sala Superior de Humacao, en el caso Ana M. Ramos v. José Ortiz Hernández et. al., Civil Núm. HPE95-0040, resolvió en sus méritos la controversia de la titularidad de la Parcela localizada en la calle Alelí Núm. 178 del Barrio Duque en Naguabo, Puerto Rico, propiedad objeto también de controversia en la demanda de Valentín.
El 26 de febrero de 1997, Ramos presentó ante el foro de instancia una moción solicitando la desestimación de la demanda al amparo de las disposiciones de la Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 10.2, por razón de no exponer una reclamación que justificara la concesión de un remedio.
El 6 de junio de 1997, notificada de su archivo en autos el 12 de junio de 1997,' depositada en el correo el 13 de junio, el foro de instancia emitió la resolución objeto del recurso desestimando la demanda, por razón de haber trascurrido en exceso el término concedido a Valentín para replicar la moción de desestimación de Ramos, sin que lo hubiera hecho. El 11 de junio de 1997, Valentín había presentado su oposición a la moción de desestimación, la que aparentemente se cruzó con la resolución de desestimación emitida por el tribunal. El foro de instancia dictó orden el 20 de junio de 1997, refiriendo a Valentín a su resolución de 6 de junio de 1997.
Así las cosas, el 19 de junio de 1997, notificada copia de su archivo en autos el 3 de julio de 1997, el foro de instancia declaró no ha lugar la moción de reconsideración presentada por Valentín. Además, declaró ha lugar la anotación de rebeldía del co-demandado José Ortiz Hernández, procediendo la secretaría con su anotación.
Inconforme con el dictamen, Valentín recurre ante este foro imputándole error al foro de instancia, al haber desestimado su demanda en cuanto a Ramos, negándole su día en corte y al no considerar su moción en oposición a la desestimación.
Confirmamos por otros fundamentos.
*1046 Hi
La doctrina de cosa juzgada tiene el propósito de ponerle fin a las controversias en forma total y evitar que las mismas se litiguen en etapas; impide relitigar no solamente lo que se litigó sino aquello que se pudo haber litigado en la causa anterior. Zambrana v. Tribunal Superior, 100 D.P.R. 179 (1971).
La defensa de cosa juzgada, con base estatutaria en el Artículo 1204 del Código Civil, 31 L.P.R.A. see. 3343, tiene el efecto de evitar que en un pleito posterior se litiguen cuestiones que ya fueron o que pudieron haber sido litigadas y adjudicadas en un pleito anterior. Worldwide Food Distributors, Inc. v. Colón Bermúdez, _ D.P.R. _ (1993), 93 J.T.S. 114; Rodríguez Rodríguez v. Colberg Comas, _ D.P.R. _ (1992), 92 J.T.S. 102; Pagán Hernández v. U.P.R., 107 D.P.R. 720 (1978); A&P Gen Contractors v. Asocn. Caná, 110 D.P.R. 753 (1981); Mercado Riera v. Mercado Riera, 100 D.P.R. 940, 950-951 (1972); Sánchez v. Universal C.I.T. Credit, 95 D.P.R. 372, 382 (1967); Riera v. Pizá, 85 D.P.R. 268, 274 (1962). Se trata de una norma fundada en consideraciones de necesidad y de orden público, con el fin de poner fin a los litigios, luego de. haber sido adjudicados en forma definitiva por los tribunales y garantizar de este modo la certidumbre y seguridad de los derechos declarados por resolución judicial, para evitar gastos adicionales al estado y a los litigantes. Para su aplicación, requiere la doctrina de cosa juzgada, que entre el pleito ya resuelto y el caso en que la doctrina se iñvoca, exista la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron. Lausell Marxuach v. Díaz de Yáñez, 103 D.P.R. 533 (1975); Rodríguez Rodríguez v. Colberg Comas, supra.
A los fines de aplicar la doctrina de cosa juzgada y el requisito de identidad de causas, causa se refiere al motivo de pedir. Significa, no la razón o motivo de un contrato, sino al fundamento capital, el origen de las acciones o defensas planteadas. La diversidad de acciones no impide la estimación de la cosa juzgada cuando la razón y causa de pedir es la misma en una y otra y, por tanto, no es el nombre ni la naturaleza, declarativa o constitutiva la que puede impedir identidad de la causa pretendida, sino que en este respecto la decisión es si los hechos y fundamentos de las peticiones son los mismos en lo que afecta a la cuestión planteada. Worlwide Food Distributors Inc. v. Colón Bermúdez, supra. Recuérdese que causa es el motivo de pedir. Scaevola, Código Civil, 2da ed., 1958, T. 20, pág. 535.
Por otro lado, la doctrina de impedimento colateral por sentencia es una modalidad de la doctrina de cosa juzgada. La diferencia entre ambas es que la aplicación de la doctrina de impedimento colateral no depende de que se configure el requisito de identidad de causas, que sí es indispensable para la aplicación de la defensa de cosa juzgada. Worlwide Food Distributors, Inc. v. Colón Bermúdez, supra.
Surge de los escritos que, con fecha 14 de agosto de 1995, Ramos presentó demanda en el Tribunal de Primera Instancia, Sala Superior de Humacao, sobre: Desahucio en Precario, caso Civil Núm. HPE-95-0040 contra José Ortiz Hernández y su esposa Raquel Valentín Martis, la aquí apelante. Ramos alegó ser dueña de la propiedad objeto del desahucio, localizada en la Calle Alelí Núm. 178, Barrio Duque en Naguabo, Puerto Rico, propiedad idéntica a la objeto del recurso que nos ocupa. Alegó, además, que los demandados, incluyendo a Valentín, ocupaban la propiedad en precario, sin mediar contrato alguno y sin pagar canon de arrendamiento o merced alguna desde hacía diez (10) años. Interesaba el desalojo de los demandados y/o cualquiera persona que se encontrara ocupando la propiedad.
Celebrado el juicio el tribunal encontró probado que la parte demandada venía ocupando en precario la propiedad de la pertenencia exclusiva de Ramos. Esta acreditó ser la dueña de la propiedad, según ello se desprendía de la Certificación de la Administración de la Vivienda Rural, de fecha 19 de septiembre de 1980 e inscrita en el Registro de la Propiedad, al folio *1047 245 del tomo 153, finca número 8706 del Registro de la Propiedad de Humacao. El tribunal le dió credibilidad a la prueba presentada y entendió probado que no surgía conflicto o controversia alguna sobre la titularidad del inmueble objeto de la demanda.
A base de las determinaciones y las conclusiones a que llegó el tribunal, el 21 de marzo de 1996 dictó sentencia declarando con lugar la demanda y decretó el desahucio de los demandados y de todos aquellos que estuviesen ocupando la propiedad.
Esta sentencia que fue dictada el 21 de marzo de 1996 y archivada copia de su notificación en los autos el 25 de marzo de 1996, se convirtió en final y ejecutable, al transcurrir el término de su revisión, pues contra ella no se interpuso recurso apelativo alguno. Tan es así, que el 14 de octubre de 1996, el tribunal ordenó el' desalojo de la parte demandada y/o cualquier persona que se encontrare en posesión del inmueble.
Con la demanda de Fraude, Nulidad de Acto Jurídico e Injunction, Valentín pretendía impugnar la titularidad del inmueble, cosa que pudo haber hecho en el foro de instancia y no hizo. La titularidad del inmueble fue objeto de escrutinio judicial y concluyó con la sentencia que dictó el foro de instancia en el caso HPE95-0040, el 21 de marzo de 1996. De Valentín haber probado que existía un conflicto de título en torno al inmueble, el tribunal no hubiese dictado la sentencia de desahucio, pues el estado prevaleciente en materia de desahucio se lo hubiese impedido, pues, una acción de desahucio en precario no debe prosperar cuando existe conflicto de título entre el demandante y el demandado. Martínez v. Dalmau Andrades, 93 D.P.R. 191 (1966).
Resolvemos que la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Humacao el 21 de marzo de 1996 constituye cosa juzgada, la que Ramos invocó oportunamente como defensa afirmativa al contestar la demanda, lo que impide que Valentín relitigue nuevamente la controversiá de la titularidad del inmueble resuelta en ese caso.
Por los fundamentos expuestos se confirma la resolución del 12 de agosto de 1997, emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, que desestimó la demanda en cuanto a Ana M. Ramos.
Lo pronunció el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 98 DTA 81
1. Caso Civil núm. HPE-95-0040.