# 2002 DTA 99

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VII DE CAROLINA-FAJARDO**

XAVIER JOSE PLANAS MERCED
Apelante

v.

SHIRLEY AVILES AVILES
Apelada

VIRGINIA DE LOURDES PLANAS Y OTROS
Interventores

Núm. KLAN-01-01270

San Juan, Puerto Rico, hoy 21 de mayo de 2002

Panel integrado por su Presidente, Juez Miranda De Hostos
y los Jueces Hernández Torres y Martínez Torres

Hernández Torres, Juez Ponente

## TEXTO COMPLETO DE LA SETENCIA

Comparece ante nos la parte demandante-apelante, Xavier José Planas Merced, y nos solicita la revisión de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 14 de diciembre de 2001, notificada y archivada en autos el 17 de diciembre de 2001. Mediante dicha sentencia, el Tribunal de Primera Instancia desestimó la acción de desahucio en precario y a su vez emitió un *injunction* provisional.

Luego de estudiados los hechos y el derecho aplicable, se confirma la sentencia apelada.

### , I

El 1 de febrero de 2001, la parte demandante-apelante, Xavier José Planas Merced, presentó ante el Tribunal de Primera Instancia; Sala Superior de Carolina, demanda de desahucio en precario contra la parte demandada-apelada, Shirley Avilés Avilés. La parte demandante-apelante alegó en su demanda ser dueño en pleno dominio de la propiedad inmueble objeto de esta controversia localizada en el Barrio Quebrada Grande, Ramal 852, Km.1, Hm. 8.1, Trujillo Alto. Además, sostuvo que la parte demandada-apelante, Shirley Avilés Avilés, ocupa la propiedad en precario, sin pagar canon de arrendamiento, por lo que solicitó su desahucio.

El 16 de febrero de 2001, Violeta de Lourdes Planas Merced presentó moción de intervención alegando ser *"dueña de un 50% en condominio pro indiviso de la propiedad inmueble en controversia."* (Ap. Apelación IV, págs. 5-6). También sostuvo que dicha participación fue adjudicada mediante cuaderno contentivo de las operaciones particionales del caudal relicto al óbito del causante Don Damián R. Planas Parrilla de 31 de mayo de 1985, en el caso *Alicia Díaz, Ex parte,* civil número 77-5490 (803). El 14 de marzo de 2001, el Tribunal de Primera Instancia, luego de la celebración de una vista, permitió la intervención de Violeta de Lourdes Planas Merced en el caso de autos. Posteriormente Damián F. Planas Merced compareció también como interventor.

Para el 16 de febrero de 2001, la parte demandada-apelada, Shirley Avilés Avilés, presentó moción de desestimación y/o sentencia sumaria. En la misma sostuvo que la parte demandante-apelada carecía de título adjudicado sobre la propiedad objeto del pleito, la cual es de naturaleza hereditaria de acuerdo al cuaderno particional que se aprobó mediante sentencia de 1 de abril de 1986 en el caso *Alicia Díaz, Ex parte*, civil número 77-5490 (803). (Ap. Apelación VII, págs. 34-35). También argumento que la participación de la parte demandante-apelante en la propiedad inmueble objeto de controversia es en cuanto al 50% pro indiviso no

adjudicado de la causante Virginia Merced Rivera. Además, la parte demandada-apelante, Shirley Avilés Avilés, alegó que ocupaba la propiedad por autorización de la alegada dueña, Virginia de Lourdes Planas Merced, mediante contrato de arrendamiento otorgado entre las partes el 20 de octubre de 1997. El 2 de marzo de 2001, la parte demandante-apelante, Xavier José Planas Merced, presentó ante el Tribunal de Primera Instancia su oposición a la moción de desestimación y/o sentencia sumaria que había presentado la parte demandada-apelada.

En la vista que se celebró el 11 de junio de 2001, el Tribunal de Primera Instancia instruyó a la parte demandante-apelada que mostrara causa por la cual no debía desestimar la causa de acción, ya que en el caso de autos la propiedad objeto de la causa de acción es hereditaria y donde existen otros co-herederos además de la parte demandante-apelante que no han sido incluidos como parte del pleito. (Ap. Apelación XIV, pág. 62).

Así las cosas, el Tribunal de Primera Instancia celebró la vista de desahucio el 1 de noviembre de 2001, y el 21 de noviembre de 2001. Durante las vistas celebradas, el foro de primera instancia recibió prueba documental y demostrativa (cintas de video). Por la parte demandante-apelante, Xavier José Planas Merced, testificó Coralis Rodríguez Bonano, Olga Ivette Rivera Narváez, Ivette Rivera Camacho y la propia parte. Por la parte demandada-apelante y los interventores, testificaron Shirley Avilés Avilés, Virginia de Lourdes Planas Merced y Damián F. Planas Merced.

Según surge de los hechos, la parte demandante-apelada, Xavier José Planas Merced, es hermano de doble vínculo de los interventores Virginia de Lourdes Planas Merced y Damián Francisco Planas Merced. Estos a su vez son hermanos de vínculo sencillo de Damián F. Planas Díaz y Norma Iris Marrero Merced, quienes no forman parte de este pleito.

La causante Virginia Merced Rivera, madre de la parte demandante-apelante, así como de los interventores, falleció *abintestato* el 3 de marzo de 1988. De conformidad con la resolución de 31 de mayo de 1988, bajo el número de caso civil número JV88-0718, se declararon como únicos y universales herederos a sus hijos: Xavier José Planas Merced, Virginia de Lourdes Planas Merced, Damián Francisco Planas Merced y Norma Iris Marrero Merced. Al momento de la causa de acción, los herederos no han hecho la partición y adjudicación de la herencia.

En efecto, en el caso *Alicia Díaz, Ex parte*, civil número 77-5490 (803), el 1 de abril de 1986 se dictó sentencia adoptando el Informe del Contador Partidor en cuanto al cuaderno de las operaciones particionales del caudal relicto al óbito del causante Damián F. Planas Parrilla, padre del demandante-apelante y los interventores, quien falleció el 14 de mayo de 1977 *abintestato*. Los herederos de este causante son sus hijos, hermanos de doble vínculo, Damián, Virginia de Lourdes y Xavier José, todos de apellidos Planas Merced, en adición de Damián F. Planas Díaz. En dicho cuaderno particional se le adjudicó a la interventora Virginia de Lourdes Planas Merced, una participación en condominio pro indiviso de un 50% del inmueble objeto de controversia en el caso de autos.

De la prueba documental que tuvo el Tribunal de Primera Instancia ante su consideración surge que la interventora Virginia de Lourdes Planas Merced suscribió el 20 de octubre de 1997 un contrato de arrendamiento con la parte aquí demandada-apelada, Shirley Avilés Avilés. A tenor con sus términos y condiciones, el contrato de arrendamiento suscrito entre las partes era por el término de un año prorrogable por año adicional. En el mismo se establece que la arrendataria, Shirley Avilés Avilés, pagaría a la arrendadora, Virginia de Lourdes Planas Merced, un canon de arrendamiento de trescientos dólares ($300.00) mensuales en consideración de que dicha parte se encargara de cuidar y proteger la propiedad. Sin embargo, a pesar de que se había pactado un canon de arrendamiento, Shirley Avilés Avilés nunca pagó ningún canon de arrendamiento y la interventora, Virginia de Lourdes Planas Merced, nunca le exigió el pago de los mismos. La explicación para no reclamar los cánones de renta adeudados fue que la arrendataria cuidaría la propiedad, la que se encontraba

en estado de deterioro. (E.N.P. a las págs. 13-14).

Para el 1 de octubre de 2001 la parte demandante-apelante, Xavier Planas Merced, acompañado de su compañera consensual, Ivette Rivera Camacho, y éstos a su vez de Víctor Figueroa y Coralis Rodríguez Bonano se dirigieron hacia la residencia que tenía arrendada Shirley Avilés Avilés. Para esa fecha le hicieron entrega de copia de una demanda y de un emplazamiento en un caso distinto que le radicó la parte demandante-apelante sobre cobro de dinero, daños y perjuicios y enriquecimiento injusto. (E.N.P. a las págs. 4, 7, 8, 11 y 13).

El 2 de octubre de 2001, nuevamente la parte demandante-apelante acompañado de su compañera consensual y de Víctor Figueroa y Coralis Rodríguez Bonano se personaron a la propiedad objeto de la controversia. Una vez en el lugar, la parte demandante-apelante forzó la entrada de la casa y firmó una cinta de video la cual fue admitida en evidencia y la que demuestra el estado de deterioro de la casa. Ese mismo día en horas tempranas de la noche llegó de su trabajo la parte demandada-apelada, Shirley Avilés Avilés, a la casa en la cual encontró a la parte demandante-apelante y otras personas que lo acompañaban ocupando la misma. Ante esta situación, la parte demandante-apelante procedió a llamar a la interventora y arrendadora de la propiedad, Virginia de Lourdes Planas Merced, para informarle la situación. Luego procedió a recoger algunas de sus pertenencias y retirarse del lugar. La parte demandada-apelada, antes de retirarse del lugar, le informó a la parte demandante-apelante que regresaría otro día a recoger el resto de sus pertenencias. La parte demandante-apelante se quedó ocupando la casa. (E.N.P. a las págs. 5, 6, 8, 11 y 13).

El 4 de octubre de 2001, la parte interventora, Virginia de Lourdes Planas Merced, cuando se enteró que su hermano había ocupado la casa, hizo los arreglos pertinentes para viajar de Estados Unidos. Una vez dicha parte llegó a Puerto Rico, ésta y su hermano Damián Planas Merced acudieron al cuartel de la policía de Trujillo Alto para denunciar a su hermano, Xavier José Planas Merced, acusándolo por el delito de usurpación y le requirieron a la policía que lo sacaran de la propiedad. Además, le informaron a la policía que el demandante-apelante andaba armado. Este mismo día varios oficiales de la policía se presentaron en la propiedad debidamente armados en dos (2) patrullas acompañando a los interventores. Una vez la policía indagó sobre el asunto, decidió no intervenir en el asunto por tratarse de un caso de herencia y procedieron a retirarse del lugar. Los interventores en este pleito no pudieron demostrar mediante su testimonio vertido en corte que alguna de las manifestaciones hechas a la policía fuera cierta. (E.N.P. a las págs. 6, 16 y 17).

Según el testimonio de la demandada-apelada, Shirley Avilés Avilés, expresó que su interés es que se le permita terminar de desalojar sus pertenencias de la propiedad y que no quería estar envuelta en el problema de herederos y la propiedad. (E.N.P. a la pág. 15).

El Tribunal de Primera Instancia dictó sentencia el 14 de diciembre de 2001 mediante la cual desestimó la demanda de desahucio en precario y emitió un *injunction* preliminar en los siguientes términos:

*"a. Se ordena al demandante Xavier José Planas Merced y a cualquier otra persona ocupando actualmente la propiedad objeto de este pleito, a desalojar la misma en el término de 15 días.*

*b. Ninguno de los coherederos podrá ocupar, ceder, enajenar, transferir, utilizar, ni permitir a ningún tercero que utilice la propiedad hereditaria objeto de este caso sin acuerdo unánime o sin autorización judicial.*

*c. Se designa a la interventora y coheredera Virginia de Lourdes Planas Merced como administradora de la propiedad en controversia con la obligación de cuidar, limpiar y mantener la misma en beneficio de todos los coherederos. Si dicha persona no puede o no quiere asumir dicha responsabilidad, deberá informarlo en el término de 30 días, en cuyo caso el administrador provisional será el interventor y coheredero Damián F. Planas Merced. En su día, Virginia de Lourdes Planas Merced y la administradora o administrador provisional deberá rendir cuentas como administradora del bien hereditario en la acción de administración judicial y*

*partición de herencia que deben las partes instar.*

*d. Se deberá permitir a la demandada Shirley Avilés Avilés que desaloje las pertenencias que le queden en la propiedad con la mayor brevedad posible, previa coordinación con los abogados de las partes, quienes tienen un deber ético y una obligación legal como funcionarias del Tribunal de promover la paz entre sus representados.*

*e. Virginia de Lourdes Planas Merced deberá retirar de inmediato cualesquiera bienes muebles personales que tienen almacenados en la propiedad hereditaria.*

*f. Se deberá hacer un inventario de los bienes muebles hereditarios que se encuentran almacenados en la propiedad quedando los mismos bajo la custodia y responsabilidad de Virginia de Lourdes Planas Merced. Ese inventario se hará por escrito y deberá radicarse copia en este caso en el término de 30 días."*

Por estar la parte demandante-apelante, Xavier José Planas Merced, inconforme con dicha determinación, presentó, el 20 de diciembre de 2001, recurso de apelación ante este Tribunal de Circuito de Apelaciones. En el mismo expresó que se cometieron los siguientes errores:

*"Erró el Honorable Tribunal de Primera Instancia al ordenar el desalojo del demandante de la propiedad que le pertenece en un 50% de participación.*

*Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda por entender que la misma se · había tornado académica."*

El 15 de enero de 2002, la parte demandada-apelada, Shirley Avilés Avilés, presentó alegato en oposición al escrito de apelación. Con el beneficio de la comparecencia de la parte demandada-apelada, así como de la exposición narrativa de la prueba estipulada por el Tribunal de Primera Instancia, el 25 de abril de 2002, nos encontramos en posición de resolver.

## II

### A. La figura del desahucio

El Artículo 620 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2821, establece que entre las personas que tienen legitimación para promover una acción de desahucio se encuentran los dueños de la finca, los usufructuarios y cualquier otro que tenga derecho a disfrutarla, y sus causahabientes. Por otro lado, el Artículo 621 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2822, dispone que una acción de desahucio procederá contra los inquilinos, colonos y demás arrendatarios, los administradores, encargados, porteros o guardas puestos por el propietario en sus fincas, y cualquier otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna. Si un demandado en desahucio produce prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el del demandante, surge un conflicto de título que hace improcedente la acción de desahucio. *C.R.U.V v. Román*, 100 D.P.R. 318, 322 (1971).

A tenor con lo dispuesto en el Artículo 1432 del Código Civil, 32 L.P.R.A. sec. 4011, un arrendamiento puede ser de cosas o de obras o servicios. Por su parte, el Artículo 1459 del Código Civil, 32 L.P.R.A. sec. 4066, establece las causas por las cuales un arrendador puede solicitar el desahucio de un arrendatario:

*"§ 4066. Causas para el desahucio del arrendatario por el arrendador.*

*El arrendador podrá desahuciar judicialmente al arrendatario por alguna de las causas siguientes:*

*(1) Haber expirado el término convencional o el que se fija para la duración de los arrendamientos en las secs. 4083 y 4092 de este título.*

*(2) Falta de pago en el precio convenido.*

*(3) Infracción de cualquiera de las condiciones estipuladas en el contrato.*

*(4) Destinar la cosa arrendada a usos o servicios no pactados que la hagan desmerecer; o no sujetarse en su uso a lo que se ordena en el inciso (2) de la sec. 4052 de este título."*

Es doctrina reiterada que los conflictos de título no pueden dilucidarse en el juicio de desahucio por ser éste uno de carácter sumario en el que se trata de recobrar la posesión de un inmueble por quien tiene derecho a ella. *C.R.U.V. v. Román, supra,* a la pág. 321; *Martínez Santiago v. Dalmau Andrades,* 93 D.P.R. 191, 193 (1966). Nuestro Tribunal Supremo pautó la norma de que sólo puede existir el conflicto de títulos en una acción de desahucio, cuando el demandado opone un título de dominio que tienda a justificar que la posesión en que se halla no es la de arrendatario, administrador, custodio del inmueble o lo disfrute en concepto de precarista, es decir, sin título, por la tolerancia del dueño y sin satisfacer renta o merced alguna. *Martínez Santiago v. Dalmau Andrades, supra.*

La única función del procedimiento de naturaleza sumaria que se establece para el desahucio es recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna. *Fernández & Hno. v. Pérez,* 79 D.P.R. 244, 247 (1956). Además, por excepción se permite acumular la reclamación en cobro de dinero por la falta de pago del canon o precio en que se basa la reclamación de desahucio. Artículo 628, Cod. Enj. Civil, 32 L.P.R.A., Sec. 2829 (Supl. 2001).

## B. La comunidad hereditaria y acción de partición

Como regla general, al morir una persona, los derechos y obligaciones de ésta se trasmiten a sus herederos. Artículo 599 del Código Civil, 31 L.P.R.A. sec. 2081. El conjunto de bienes, derechos y obligaciones que no se extinguen con la muerte del causante se conoce como herencia. 31 L.P.R.A. sec. 2090. Si hay más de un llamamiento a la universalidad de la herencia, entonces surge lo que conocemos como comunidad hereditaria. *Soc. de Gananciales v. Registrador,* Opinión de 14 de junio de 2000, **2000 J.T.S. 101**, a la pág. 1287; *Cintrón Vélez v. Cintrón De Jesús,* 120 D.P.R. 39, 48 (1987). El profesor Vélez Torres, citando a Santos Briz, define la comunidad hereditaria como la situación que se genera en los derechos y obligaciones del causante al fallecer éste, por la cual todos los herederos llamados sustituyen aquél en la titularidad de sus derechos y obligaciones de una forma conjunta hasta que concluya tal situación por medio de la partición de la herencia. J. R. Vélez Torres, *Curso de Derecho Civil,* 2da. Ed., San Juan, Universidad Interamericana de Puerto Rico, Facultad de Derecho, 1997, Tomo IV, Vol.III, págs. 481-482.

El objeto de la comunidad hereditaria es la herencia como un todo y no cada bien, derecho u obligación en particular. *Soc. de Gananciales v. Registrador, supra.* Por lo cual, lo que cada coheredero obtiene es un derecho sobre la herencia, no sobre los bienes concretos. *Id.* "*Los interesados tienen sobre el patrimonio del causante la titularidad de una cuota en abstracto, pero no sobre bienes en particular.*" *Kogan v. Registrador, supra,* a la pág. 652.

El Artículo 1005 de nuestro Código Civil reconoce la existencia de la comunidad hereditaria al señalar que "*ningún heredero podrá ser obligado a permanecer en la indivisión de la herencia, a menos que el testador prohíba expresamente la división*". 31 L.P.R.A. sec. 2871. Sin embargo, el mismo carece de preceptos específicos sobre cómo se rige la comunidad hereditaria. *Soc. de Gananciales v. Registrador, supra; Kogan v. Registrador,* 125 D.P.R. 636, 651 (1990); *Cintrón Vélez v. Cintrón De Jesús, supra,* a la pag. 49. *Véase,* J. Puig

Brutau, *Fundamentos de Derecho Civil*, 2da ed., Barcelona, Ed. Bosch, 1975, T. V, Vol. I, pág. 366.

El derecho hereditario *in abstracto* implica que mientras no se efectúe la partición, ningún coheredero puede reclamar un derecho específico sobre algún bien, sino *"un derecho en el complejo hereditario"*. *Soc. de Gananciales v. Registrador, supra; Kogan v. Registrador, supra,* a la pag. 652; *Cintrón Vélez v. Cintrón De Jesús, supra.* La acción de partición de herencia está expresamente contemplada o reconocida en los Artículos 1005, 1006, 1012 y 1865 del Código Civil de Puerto Rico, 31 L.P.R.A. 2871, 2872, 2878 y 5295. Es el procedimiento judicial que se insta para ponerle fin al estado de indivisión de una herencia. *Arrieta Barbosa v. Chinea,* 139 D.P.R. 525, 534 (1995). Esta acción se ejerce con el único propósito de obtener la terminación de la comunidad hereditaria, provocando así la transformación de las cuotas abstractas de los coherederos sobre el caudal relicto en titularidades concretas sobre bienes determinados. *Id.*

Dada la ausencia de una reglamentación detallada de la comunidad hereditaria en el Código Civil, ésta se rige, en primer lugar, *"por las disposiciones imperativas del Código civil; luego, por la voluntad del causante; luego, por las disposiciones que, dentro del título de la división de la herencia, le [sean] ... aplicables; y, [por último], por las disposiciones generales contenidas en el [capítulo sobre comunidad de bienes], en lo que fueren compatibles con ser la herencia una comunidad universal".* *Kogan v. Registrador, supra; Cintrón Vélez v. Cintrón De Jesús, supra.*

El Artículo 328 del Código Civil, 31 L.P.R.A. sec. 1273, establece respecto al uso de los bienes cuando los mismos se encuentran en comunidad que *"cada partícipe podrá servirse de las cosas comunes, siempre que disponga de ellas conforme a su destino y de manera que no perjudique el interés de la comunidad, ni impida à los copartícipes utilizarlas según su derecho."*

Por su parte, el Artículo 332 del Código Civil, 31 L.P.R.A. sec. 1277, establece respecto a los acuerdos de los copropietarios de una comunidad que:

*"§ 1277. Acuerdos de la mayoría de los partícipes para la administración.*

***Para la administración y mejor disfrute de la cosa común serán obligatorios los acuerdos de la mayoría de los partícipes.***

*No habrá mayoría, sino cuando el acuerdo esté tomado por los partícipes que representen la mayor cantidad de los intereses que constituyan el objeto de la comunidad.*

*Si no resultare mayoría, o el acuerdo de éste fuere gravemente perjudicial a los interesados en la cosa común, el Tribunal de Primera Instancia proveerá, a instancia de parte, lo que corresponda, incluso nombrar un administrador.*

*Cuando parte de la cosa perteneciere privadamente a un partícipe o a algunos de ellos, y otra fuere común, sólo a ésta será aplicable la disposición anterior."* [Enfasis Suplido]

### III

La parte demandante-apelante plantea, en síntesis, que erró el Tribunal de Primera Instancia al desestimar la demanda por entender que era académica y ordenar el desalojo de dicha parte de la propiedad, a pesar de poseer una participación en la comunidad hereditaria. No le asiste la razón. Veamos.

En el caso de autos, la parte demandante-apelante ni es ni era para la fecha de la radicación de la demanda dueño en pleno dominio de la propiedad objeto del desahucio. Sin embargo, es parte de la comunidad hereditaria de la cual dicho bien inmueble es parte y del cual en su día tendrá una participación alícuota.

De la prueba que desfiló ante el Tribunal de Primera Instancia se demostró que en efecto la propiedad había sido ocupada por la parte demandada-apelada, Shirley Avilés Avilés, a la fecha de la radicación de la demanda y hasta el 2 de octubre de 2001, fecha en que abandonó la propiedad. Según surge del testimonio de la parte demandada-apelada, ésta no pretende continuar en la propiedad, sino que su interés es que se le permita terminar de desalojar sus pertenencias de la propiedad a la mayor brevedad posible. A tenor con estos hechos es forzoso concluir, como así lo hizo el foro de primera instancia, que la reclamación de desahucio incoada por la parte demandante-apelante se torno académica y lo procedente en derecho era desestimar la demanda.

Por consiguiente, no erró el Tribunal de Primera Instancia al desestimar la demanda y emitir un *injunction* preliminar sobre el bien objeto de controversia. Aunque la situación del caso de autos debe tratarse en otro pleito sobre partición de herencia, el Tribunal de Primera Instancia, ante lo conflictivo que fue el caso, entendió pertinente dictar unas directrices a las partes de cómo se regularía de forma provisional la administración del bien inmueble. Entre las directrices que pautó el foro apelado, le ordenó a la parte demandante-apelante y a cualquiera otra que esté ocupando la propiedad a desalojarla en el *término de quince (15) días*. Las justificaciones que esboza la parte demandante-apelante para no cumplir con dicha directriz sobre su necesidad de vivienda, no son suficientes ante la negativa de los demás hermanos de que siga ocupando la propiedad. Por lo que el foro de primera instancia no actuó de manera incorrecta al imponer esta directriz, ya que el bien objeto de controversia se encuentra en comunidad hereditaria y se requiere el acuerdo de la mayoría.

**IV**
Por los fundamentos anteriormente expuestos, se confirma la sentencia dictada por ser conforme a derecho.

Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General