Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| PORFIRIO GUZMÁN ROBLES<br><br>Apelado<br><br>v.<br><br>MOISÉS FERNANDO NIEVES ROBLES<br><br>Apelante | KLAN202401100 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Comerío<br><br>Caso Núm. BQ2024CV00125<br><br>Sobre: Desahucio en precario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de enero de 2025.

El Tribunal de Primera Instancia ("TPI"), por la vía sumaria, declaró con lugar una demanda de desahucio. Según se explica en detalle a continuación, concluimos que actuó correctamente el TPI, pues no hay controversia sobre el hecho de que el demandado no ostenta título alguno que le concediese derecho a continuar ocupando la propiedad en controversia.

I.

En julio de 2024, el Sr. Porfirio Guzmán Robles (el "Demandante") presentó la acción de referencia, sobre desahucio (la "Demanda"), en contra del Sr. Moisés Fernando Nieves Torres (el "Apelante"). Alegó que el Apelante tiene la posesión de un inmueble suyo ubicado en Barranquitas (la "Propiedad"), y que este no ha pagado canon de arrendamiento alguno. Afirmó que el Apelante "se ha valido de diferentes artimañas para ... obtener la posesión del inmueble", y que solo se le había autorizado a "pernoctar [allí] ocasionalmente, cuando estuviera por Barranquitas".

El Demandante aseveró que, aunque las partes "comenzaron un dialogo para auscultar la posibilidad de formalizar" un acuerdo mediante el cual una corporación en la que el Apelante tiene interés "pudiera adquirir el 50%" de la Propiedad, esta "negociación nunca se concretó". El Demandante indicó que entre las partes nunca hubo contrato de arrendamiento ni de compraventa, y que el Apelante tampoco le ha pagado dinero alguno en conexión con la Propiedad. También alegó que el Apelante no ha pagado "las utilidades de la propiedad".

El Apelante contestó la Demanda. Alegó que la Propiedad la posee "en concepto de dueño" una entidad en la que ambas partes tienen interés (la "Corporación"). Sostuvo que las partes habían llegado a unos "acuerdos de negocios que incluyeron el traspaso de la posesión del inmueble" a la Corporación "con el fin de realizar construcciones y mejoras" en el mismo. También afirmó que las partes habían acordado que la Corporación "adquiriría el inmueble para desarrollar un proyecto". Además, el Apelante reconvino por incumplimiento de contrato y para recuperar lo invertido en reparaciones y mejoras a la Propiedad.

El Apelante solicitó que el caso se convirtiera del trámite sumario al ordinario, lo cual fue denegado por el TPI mediante una Resolución notificada el 28 de octubre. Ello implicó, necesariamente, que el TPI no autorizó la presentación de la reconvención propuesta por el Apelante.

Mediante una Sentencia notificada el 2 de diciembre, el TPI declaró con lugar la Demanda. Razonó que, como cuestión de derecho, y aun aceptando como ciertas las alegaciones del Apelante, este no poseía un "título oponible al Demandante para los efectos de esta acción". Se estableció una fianza para apelación, la cual fue prestada el 6 de diciembre.

El 9 de diciembre (lunes), el Apelante presentó el recurso que nos ocupa. Reprodujo lo planteado ante el TPI en su contestación a la Demanda y al solicitar la conversión del trámite a ordinario. En esencia, que hubo un acuerdo entre las partes para que el Apelante ocupara la Propiedad indefinidamente. El Demandante presentó un alegato en oposición al recurso. Resolvemos.

II.

El desahucio es un procedimiento mediante el cual el dueño de una propiedad solicita el lanzamiento de un ocupante que, sin pagar canon o merced alguna, retiene la posesión de hecho del inmueble. *ATPR v. SLG Volmer-Mathieu*, 196 DPR 5, 10 (2016); 32 LPRA sec. 2822. El Código de Enjuiciamiento Civil reglamenta el procedimiento sumario de desahucio, "que responde al interés del Estado en atender rápidamente la reclamación del dueño de un inmueble que ve interrumpido el derecho a poseer y disfrutar de su propiedad". *Íd.* a la pág. 9; 32 LPRA secs. 2821-2838.

El procedimiento sumario persigue únicamente la recuperación de la posesión. Cualquier otra reclamación o causa de acción, como sería un conflicto de título, debe verse en un pleito ordinario. *CRUV v. Román,* 100 DPR 318, 321 (1971); *Martínez v. Dalmau Andrades,* 93 DPR 191, 193 (1966). Tal conflicto existe cuando el demandado opone un título de dominio que justifique que su posesión no es la de arrendatario, administrador, custodio o precarista. *Martínez,* 93 DPR a la pág. 194.

"La característica medular de un procedimiento civil sumario es lograr, lo más rápido y económicamente posible, la reivindicación de determinados derechos, reduciendo al mínimo constitucionalmente permisible el elenco de garantías procesales." *Turabo Ltd. Partnership v. Velardo Ortiz,* 130 DPR 226, 245 (1992). Esto conlleva la reducción de términos, usualmente jurisdiccionales, y la eliminación de ciertos trámites procesales que

extienden y complican el proceso. No obstante, se preservan ciertas garantías imprescindibles, como la necesidad de emplazar al demandado, darle una oportunidad para que conteste la demanda y celebrar una vista en la cual este pueda ofrecer prueba y refutar las alegaciones del demandante.

Usualmente, el disfrute o la posesión **precaria** se origina por liberalidad o mera tolerancia, o por abandono o desconocimiento del propietario. *El Pueblo de Puerto Rico v. Giorgetti & Co., Ltd.*, 46 DPR 61 (1934). Un desahucio en precario procede cuando el demandante presenta la acción contra una persona que no ostenta título o derecho alguno sobre el bien. Así, este tipo de desahucio ocurre cuando no existe conflicto de títulos sobre el terreno cuya posesión se reclama y cuando el demandado no posee "derecho o título alguno que justifique su ocupación del terreno ajeno donde enclava la estructura". *CRUV v. Román*, 100 DPR 318, 324 (1971).

Por otra parte, el TPI tiene discreción, de conformidad con "los hechos específicos" de cada caso, para "ordenar la conversión del procedimiento [de desahucio sumario] al juicio ordinario". *Turabo Ltd. v. Velardo Ortiz*, 130 DPR 226, 246 (1992). Se trata de un ejercicio de discreción del TPI en el manejo de un caso. La norma es que los tribunales apelativos no intervienen con el manejo de los casos ante el TPI "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *ELA v. Asoc. de Auditores*, 147 DPR 669 (1999); *Meléndez v. Caribbean Intl. News*, 151 DPR 649 (2000). Ello, pues el TPI tiene amplia discreción en el manejo del calendario y, en ausencia de circunstancias extraordinarias, no

debemos intervenir. *Rebollo López v. Gil Bonar,* 148 DPR 673, 678 (1999); *García v. Asociación,* 165 DPR 311, 322 (2005).

III.

Sobre la base de la totalidad del récord, concluimos que actuó correctamente el TPI al determinar que procedía el desahucio del Apelante. Aun partiendo de la premisa de que, como alega el Apelante, en algún momento el Demandante consintió a que este tomara posesión de la Propiedad, la realidad es que el Apelante no ha elaborado una teoría válida que le conceda el derecho de permanecer indefinidamente en la Propiedad sobre la objeción de su titular. El Apelante admite que no tiene interés propietario sobre la Propiedad y que nunca ha sido arrendatario de la misma. Únicamente señala que las partes acordaron que una Corporación en la cual alega tener interés adquiriría la Propiedad, pero admite que ello no ocurrió. No obstante, aun de ello haber ocurrido, el Apelante no tendría por esa razón derecho a permanecer en posesión de la Propiedad.

Así pues, se demostró de forma incontrovertida que el Apelante poseía la Propiedad como precarista, es decir, como alguien que no ocupa en concepto de dueño ni en virtud de algún otro derecho. Véase, por ejemplo, *Vélez Cordero v Medina,* 99 DPR 113, 120 (1970) (citando a Manresa, IV Comentarios al Código Civil 109, 110 (6ta. ed.); Colin y Capitant, II-2 Curso Elemental de Derecho Civil 524, 525).

Subrayamos, sin embargo, que lo alegado por el Apelante, en cuanto a unos supuestos incumplimientos del Demandante con unos acuerdos, y en cuanto a su derecho a recobrar por unas supuestas mejoras y reparaciones a la Propiedad, realizadas, según se alega, con el consentimiento del Demandante, podrá ser objeto de una acción civil independiente a la de referencia.

Finalmente, concluimos que tampoco erró el TPI al negarse a convertir la Demanda a un trámite ordinario. Ello porque el Apelante, en momento alguno, puso en disputa la titularidad de la Propiedad, ni alegó o demostró alguna otra circunstancia que requiriera la conversión pretendida. Adviértase, además, que este tipo de decisión recae sobre la discreción del TPI sobre el manejo de un caso. Véase *Turabo Ltd.,* 130 DPR a la pág. 246; *Rebollo López,* 148 DPR a la pág. 678. El Apelante no demostró que exista aquí razón alguna para apartarnos de la norma general de deferencia que debemos al TPI en torno a este tipo de determinación. *Dávila Nieves,* 187 DPR a la pág. 750.

IV.

Por los fundamentos expresados anteriormente, se confirma la sentencia apelada.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones