ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SANTURCE ESTATES, INC.<br><br>Parte Apelada<br><br>v.<br><br>ALBA GISELLE REYES SANTOS<br><br>Parte Apelante | KLAN202300888 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV03080 (Salón 901)<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y la Juez Prats Palerm.

*Prats Palerm, Juez Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece la parte demandada-apelante, Alba Giselle Reyes Santos (en adelante, "Apelante" o "Sra. Reyes Santos") mediante *Apelación* presentada el 4 de octubre de 2023 y nos solicita que revoquemos una *Sentencia* dictada el 29 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"). Mediante el referido dictamen, el TPI declaró Ha Lugar una demanda de desahucio y ordenó el desalojo de la señora Reyes Santos de la propiedad de Santurce Estates, Inc. (en adelante, "Apelado" o Santurce Estates).

Por los fundamentos que expondremos a continuación, se *confirma* la *Sentencia* apelada.

**I.**

Conforme surge del expediente ante nuestra consideración, desde junio de 2022 la Sra. Reyes Santos y Ryan Patrick Coyne (en adelante, "Sr. Coyne"), residieron junto a su hijo menor de edad en los Apartamentos 701 y 702 del Condominio Gallery Plaza en San Juan, cuyo titular y dueño era el Sr. Coyne.

El 17 de marzo de 2023, Santurce Estates advino dueña en pleno dominio de los Apartamentos 701 y 702, habiéndolos adquirido mediante *Escritura de Permuta Número Uno (1)* suscrita entre el Sr. Coyne y Santurce Estates ante el Notario Público, Lcdo. Iván Díaz López. Santurce Estates compareció al negocio jurídico representada por su Presidente, Roberto Vega Pacheco (en adelante, "Sr. Vega Pacheco"). Sobre el poder delegado al Sr. Vega Pacheco para comparecer en representación de Santurce Estates, surge de la Escritura de Permuta lo siguiente:

-------------------------------APPEAR------------------------------

---FOR THE FIRST PART: RYAN PATRICK COYNE, of legal age, single, executive and resident of San Juan, Puerto Rico, hereafter referred to only as "THE OWNER" and/or "THE EXCHANGEOR".---
---FOR THE SECOND PART: SANTURCE ESTATES, INC., a for profit corporation organized and/or "THE EXCHANGEE", **which appears herein represented by its President, Roberto Vega Pacheco**, of legal age, single, executive and a resident of Guaynabo, Puerto Rico, **whose power to appear on this deed on behalf of THE EXCHANGEE derives from a Corporate Resolution to that effect, of March seventeen (17) two thousand and twenty three (2023), the original of which was shown to me, the Notary Public, and of which I have retained a copy for my records.**----------------
----(Énfasis suplido).[1]

Al momento de la permuta, entre la Sra. Reyes Santos y el padre del menor, no existía un contrato de arrendamiento o acuerdo que permitiera la permanencia de la apelante en los apartamentos.

El 30 de marzo de 2023, Santurce Estates le cursó, mediante correo electrónico, la siguiente misiva a la Sra. Reyes Santos:

Dear Ms. Reyes:
On behalf of Santurce Estates, Inc., please be informed this company has acquired apartments 701 and 702, North Tower, at Gallery Plaza Condominium, as of March 17, 2023. At this time of the purchase, the seller informed us of your temporary occupancy of the property and requested our indulgence to grant you a 30-day period for you to vacate the property. We acquiesced, subject to your prompt confirmation that the property would be vacated, broom clean, by April 16, 2023.
As of yesterday, the seller had yet to provide said confirmation. Should you have already provided said

---

[1] Véase Apéndice del Alegato del Apelado, a la pág. 4 (*Escritura de Permuta Núm. Uno (1)*).

> confirmation to the seller, please submit copy of your intent to vacate the property by said date accordingly.
>
> Failure to provide the requested confirmation will be understood as a rejection of the reprieve period granted to the seller for your additional temporary occupancy, and our company will be free to proceed with eviction procedures right away. […].

A través de la referida comunicación, Santurce Estates le concedió a la Sra. Reyes Santos un término de treinta (30) días para desalojar la propiedad, sujeto a que la apelante presentara confirmación de su intención de desalojo.

Posteriormente, el 11 de abril de 2023 Santurce Estates presentó una *Demanda* de desahucio en precario en contra de la Sra. Reyes Santos y alegó que esta ocupaba una propiedad de la parte apelada sin autorización del dueño, sin contrato de arrendamiento y sin derecho a ello.

El 19 de abril de 2023 la señora Reyes Santos presentó una moción de paralización de los procedimientos e informó que tenía un asunto pendiente en la Sala de Relaciones de Familia (en adelante, "RF"), Caso Núm. SJ2023RF00306, en la que había reclamado la propiedad como hogar seguro de su hijo menor de edad. En vista de que RF denegó la solicitud de hogar seguro, la paralización fue denegada el 5 de mayo de 2023 mediante *Orden*.

El 17 de mayo de 2023, la apelante presentó una *Solicitud de Conversión a Pleito Ordinario*.

Luego, el 22 de mayo de 2023, se celebró una Vista de Desahucio. En lo aquí pertinente, la apelante indicó que RF no había dispuesto en los méritos la solicitud de hogar seguro, ya que existe una moción de reconsideración pendiente por adjudicar. El TPI determinó que se abstendría de tomar una decisión sobre la paralización de los procedimientos hasta tanto RF resolviera la moción de reconsideración. Por otro lado, la Sra. Reyes Santos reiteró verbalmente su solicitud de conversión al procedimiento ordinario. La controversia no fue dilucidada

en sus méritos y se calendarizó la continuación de la Vista de Desahucio para el 27 de junio de 2023.

El 23 de mayo de 2023, RF declaró No Ha Lugar la moción de reconsideración sobre hogar seguro presentada por la Sra. Reyes Santos en el caso sobre alimentos.

Posteriormente, el 26 de junio de 2023, el TPI emitió una *Resolución* en la cual denegó la conversión del procedimiento. El TPI concluyó que la Sra. Reyes Santos no presentó alegaciones o prueba alguna de tener igual o mejor título que la demandante sobre la propiedad en controversia y, por ende, no procedía la conversión.

El 27 de junio de 2023, la Sra. Reyes Santos informó que se encontraba un recurso de *certiorari*, clasificado alfanuméricamente como KLCE202300670, pendiente por adjudicar sobre el asunto del hogar seguro. Además, nuevamente, solicitó la paralización de los procedimientos. Sin embargo, aclaró que el escrito no constituía una solicitud de reconsideración a la *Resolución* dictada el día anterior.

Ese mismo día, el TPI emitió una *Orden* declarando No Ha Lugar la paralización de los procedimientos. El TPI dispuso lo siguiente: "[e]n ausencia de una orden en auxilio de jurisdicción del Tribunal de Apelaciones, no procede la paralización de los procedimientos por la presentación de un *certiorari* en un caso distinto al presente".

Inconforme, el 27 de junio de 2023, la Sra. Reyes Santos solicitó la reconsideración de la *Orden* mediante la cual el foro apelado denegó la paralización del procedimiento. En la misma fecha, el TPI dictaminó una segunda *Orden* en la cual le concedió a Santurce Estates un término para oponerse a la paralización y dejó sin efecto la Vista de Desahucio pautada para esa misma fecha.

El 6 de julio de 2023, Santurce Estates presentó su oposición a la moción de reconsideración. Así las cosas, el 11 de agosto de 2023, el TPI emitió una *Orden* mediante la cual ordenó la continuación de los

procedimientos y señaló una nueva fecha para la celebración de la Vista de Desahucio.

El 14 de septiembre de 2023, la apelante solicitó que se dejara sin efecto la Vista de Desahucio pautada para el 20 de septiembre de 2023. A su vez, informó que un Panel Hermano había denegado la expedición del recurso de *certiorari*, KLCE202300670, respecto al hogar seguro. Además, señaló que tenía hasta el 25 de septiembre de 2023 para presentar un recurso de *certiorari* ante el Tribunal Supremo. Reiteró su solicitud de paralización de los procedimientos hasta tanto la determinación sobre hogar seguro adviniera final y firme.

Mediante *Orden* emitida el 20 de septiembre de 2023, el TPI mantuvo el señalamiento de la Vista de Desahucio y expresó lo siguiente:

> El presente caso nunca ha sido paralizado en lo que se dilucida la reclamación de hogar seguro, y según dictaminamos previamente, en ausencia de una orden de paralización de un tribunal de superior jerarquía, el procedimiento sumario debe continuar.

En esa misma fecha, se celebró la Vista de Desahucio en sus méritos. Santurce Estates presentó el testimonio de su presidente, el Sr. Roberto Pacheco Vega, y ocho (8) piezas de evidencia documental. Por su parte, la Sra. Reyes Santos optó por no declarar ni presentar evidencia a su favor.

Culminado el desfile de prueba, la apelante presentó dos planteamientos de derecho. En primer lugar, argumentó que la parte demandante-apelada carecía de capacidad jurídica para obrar, ya que la corporación no había adoptado estatutos corporativos. Particularmente, argumentó:

> El señor testigo ha declarado bajo juramento que Santurce Estate carece de estatutos corporativos o lo conocido también como *bylaws*. Ese es el primero. Lo cual afecta directamente la capacidad jurídica de este ente, violentando así la Ley de Corporaciones.[2]
>
> […]

---

[2] Véase, *Transcripción de Regrabación de Vista de 20 de septiembre de 2023,* a la pág. 88.

[...] Entendemos que la parte carece totalmente [...], que se carece absolutamente, a tenor con lo dicho por el caballero, perdón, por el compañero, por el señor testigo, el, los estatutos corporativos es lo que le dan autoridad a una persona comparecer y no existen por dichos, bajo juramento del propio testigo. Eso es insalvable.[3]

[...]

[...] Y nos reiteramos en la falta de los estatutos corporativos, que es letal. Los *bylaws* son letales. Eso es derecho 101 corporativo, Vuestro Honor.[4]

En segundo lugar, sostuvo que el Tribunal carecía de jurisdicción por falta de parte indispensable. La Sra. Reyes Santos alegó que su hijo menor de edad, con quien comparte la residencia, no fue emplazado ni incluido en el pleito. Arguyó, además, que, de concederse el desahucio, los derechos del menor de edad se verían afectados. Al respecto, argumentó lo siguiente:

Y número dos y más importante todavía, eh, no se ha podido establecer, Vuestro Honor, que usted tenga jurisdicción, que no puede ser conferida por ninguna parte, y el caballero ha declarado que en ese lugar ocupan, en el lugar que se pretende el desahucio como precaristas, eh, que el menor, usted tenga jurisdicción sobre su persona. Y como usted dijo, y, es más, lo dijo el abogado, se adquiere jurisdicción sobre un menor, que es un ente natural, mediante emplazamiento a cualquiera de sus padres. De su récord de SUMAC, lo cual es de fácil corroboración, no lo busque, Juez, porque no lo va a encontrar, ese menor nunca ha sido emplazado ni notificado ni a través de los padres ni a través de papá o mamá.[5]

El 29 de septiembre de 2023, el TPI emitió una *Sentencia* en la cual declaró Ha Lugar la demanda de desahucio y ordenó el desalojo de la Sra. Reyes Santos de la propiedad. El Tribunal realizó las siguientes determinaciones de hechos:

1. La parte demandante Santurce Estates, Inc. es una corporación organizada bajo las leyes del Estado Libre Asociado de Puerto Rico.

2. El certificado de incorporación de la parte demandante establece su fecha de efectividad como el 15 de marzo de 2023, con existencia a perpetuidad.

---

[3] Véase, *Transcripción de Regrabación de Vista de 20 de septiembre de 2023,* a la pág. 90.
[4] Véase, *Transcripción de Regrabación de Vista de 20 de septiembre de 2023,* a la pág. 93.
[5] Véase, *Transcripción de Regrabación de Vista de 20 de septiembre de 2023,* a la pág. 88.

3. La parte demandante adquirió la propiedad identificada como Apartamentos 701 y 702 del Condominio Gallery Plaza, Torre Norte, en San Juan, Puerto Rico mediante la permuta formalizada en la Escritura Número 1 de 17 de marzo de 2023 otorgada ante el notario Iván Díaz López.

4. Al momento de efectuar dicha adquisición, la parte demandada Alba Giselle Reyes Santos ocupaba la propiedad.

5. La parte demandante no autorizó la permanencia de la parte demandada en la propiedad luego de adquirirla.

6. Santurce Estates, Inc. y Alba Giselle Reyes Santos no suscribieron contrato de arrendamiento ni acuerdo verbal o escrito de naturaleza alguna que le autorizara a la demandada permanecer en la propiedad.

7. La parte demandante le requirió por escrito a la parte demandada que desalojara la propiedad mediante carta de 30 de marzo de 2023.

8. Al presente, la parte demandada continúa ocupando la propiedad sin autorización de la parte demandante, sin contrato que la autorice y sin pagar canon o merced alguna.

Asimismo, concluyó que la Sra. Reyes Santos no tenía derecho alguno a permanecer en la propiedad. En cuanto a los planteamientos de derecho presentados por la apelante, el TPI resolvió que no le asistía la razón.

Particularmente, respecto a la falta de jurisdicción sobre el menor, el TPI expresó lo siguiente:

> [...] al considerar si ese menor tiene un interés común e independiente al de su progenitora aquí demandada que haga su presencia indispensable en el pleito [...], la respuesta obligada es que no. Si la progenitora del menor tiene la patria potestad y custodia de ese menor de edad, actúa como su representante legal y tiene el deber de proteger los intereses de este como si fuera los propios, por lo que los derechos del menor están debidamente representados y protegidos. Véase, artículo 601 del Código Civil, [31 LPRA sec. 7272].

Por otro lado, respecto a la capacidad jurídica de la corporación, concluyó que:

> Según establecido en el artículo 1.05 de la Ley General de Corporaciones, [14 LPRA sec. 3505], y el artículo 225 del Código Civil, [31 LPRA sec. 5874], la corporación tiene

personalidad jurídica y, por ende, capacidad, a partir de que se emite su certificado de incorporación. La adopción, o falta de ella, de estatutos corporativos es un asunto interno que no tiene efecto en la personalidad jurídica de la corporación ni en su capacidad de actuar. Nótese que la ley no requiere su adopción para que se le confiera capacidad, y que estos son optativos, toda vez que el artículo 1.08 de la Ley General de Corporaciones establece que "[l]os estatutos iniciales o subsiguientes de la corporación **podrán** adoptarse, enmendarse o derogarse por los incorporadores, por los directores iniciales si fueron nombrados en el certificado de incorporación, o si la corporación no ha recibido pago alguno por sus acciones, por la junta de directores". 14 LPRA sec. 3508 (énfasis nuestro).

Inconforme, el 4 de octubre de 2023, la Sra. Reyes Santos compareció ante esta Curia mediante *Apelación* y solicitó la revisión de la *Sentencia* dictada el 29 de septiembre de 2023. La apelante realizó los siguientes señalamientos de error:

> **Erró el Honorable Tribunal de Primera Instancia de San Juan al no haber desestimado la demanda ante el hecho irrefutable que el menor que ocupa la propiedad no fue emplazado, por lo que no tiene jurisdicción sobre su persona, y éste es una parte indispensable en el caso.**

> **Erró el Honorable Tribunal de Primera Instancia de San Juan al reconocer al Sr. Roberto E. Vega Pacheco como representante/directivo autorizado de Santurce Estates, Inc. para otorgar transacción de Permuta mediante la cual se pasó la autoridad del bien inmueble a la corporación, sin que se hubiese provisto prueba documental alguna que acredite que estaba facultado para realizar la transacción.**

> **Erró el Honorable Tribunal de Primera Instancia de San Juan al no paralizar los procedimientos en el caso de desahucio habida cuenta de la controversia en torno al hogar seguro del menor que actualmente se dilucida en el Tribunal Supremo de Puerto Rico.**

> **Erró el Honorable Tribunal de Primera Instancia de San Juan al no convertir el pleito en uno ordinario toda vez que existe una legítima controversia en torno a la legalidad de la transacción de permuta versus el derecho posesorio del menor y su madre en virtud del hogar seguro.**

Luego, el 6 de diciembre de 2023, mediante *Resolución*, le concedimos un término a la parte apelante para presentar la transcripción de la prueba oral y a la parte apelada para presentar su alegato en oposición.

Santurce Estates presentó su alegato en oposición el 6 de enero de 2024. Por su parte, el 16 de enero de 2024, la Sra. Reyes Santos presentó la transcripción de la prueba oral vertida en la Vista de Desahucio. Ese mismo día, la apelante nos informó que el pasado 25 de septiembre de 2023 radicó el recurso número CC-2023-0629 ante el Tribunal Supremo con relación al asunto del hogar seguro. Con relación a dicho recurso, tomamos conocimiento judicial que el 10 de noviembre de 2023, el Tribunal Supremo declaró No Ha Lugar la petición de *certiorari* en el caso sobre hogar seguro.

Con el beneficio de la comparecencia de ambas partes y la transcripción de la prueba oral, nos encontramos en posición de resolver.

**II.**

**-A-**

El desahucio es el medio que tiene el dueño o la dueña de un bien inmueble arrendado para que pueda recobrar la posesión de este, a través del lanzamiento o la expulsión del arrendatario o precarista que la mantiene sin pagar los correspondientes cánones. *SLG Mateo v. ELA*, 211 DPR 772 (2023). Véase, además: *Cooperativa v. Colón Lebrón*, 203 DPR 812, 820 (2020). El precarista es aquel que detenta la posesión material y disfruta de la propiedad de otro, sin título que justifique la posesión material y disfrute del inmueble, por tolerancia o por inadvertencia del dueño, *Diccionario de la Lengua Española, Real Academia Española*, 22ed., Madrid, Ed. Espasa Calpe, 2001, T.II, pág. 1817.

El desahucio es el medio que tiene el dueño de un inmueble para recobrar judicialmente su posesión. Se trata de un procedimiento reglamentado por los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838 que responde al interés del Estado en atender expeditamente la reclamación del dueño de un inmueble, al que le han interrumpido los derechos a poseer y disfrutar su propiedad. La acción de desahucio en precario se da contra aquellas personas que disfrutan de la posesión de un inmueble sin derecho alguno para ello y

sin pagar canon o merced alguna. *Escudero v. Mulero*, 63 DPR 574, 589 (1944).

Nuestro más Alto Foro ha reiterado jurisprudencialmente que el desahucio es "*uno de los procedimientos más utilizados en nuestro país para reivindicar, mediante trámite y juicio sumario, la posesión y el disfrute de un inmueble*". *Íd.*; Véase también, *Turabo Ltd. Partnership v. Velardo Ortiz*, 130 DPR 226, 234-235 (1992).

El único pronunciamiento en la sentencia de desahucio es si se puede o no ordenar el desalojo. *Fernández & Hno. v. Pérez*, 79 DPR 244, 247 (1956). Le corresponde a la parte demandante demostrar que ostenta justo título sobre la propiedad.

A su vez, como lo que se intenta recobrar en una acción de desahucio es la posesión, nuestro Más Alto Foro ha expresado que, en la acción sumaria de desahucio, se debe limitar la consolidación de otras acciones o defensas. *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 10 (2016). El procedimiento sumario de desahucio persigue únicamente la recuperación de la posesión. Cualquier otra reclamación o causa de acción, como sería un conflicto de título, debe verse en un pleito ordinario. *CRUV v. Román*, 100 DPR 318, 321 (1971); *Martínez v. Dalmau Andrades*, 93 DPR 191, 193 (1966).

Cuando la demanda se fundamente en la falta de pago del canon o precio convenido en un contrato, no se admitirá otra prueba que la del recibo o cualquier otro documento que conste haberse verificado el pago. Artículo 627 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2829. Sin embargo, en ocasiones, el Tribunal Supremo de Puerto Rico ha permitido la presentación de algunas defensas, siempre y cuando las mismas no desnaturalicen el espíritu del carácter sumario del proceso de desahucio. *Mora Dev. Corp. v. Sandín*, 118 DPR 733, 749 (1987).

Esta acción de desahucio puede solicitarse, ya sea mediante proceso sumario, o por vía ordinaria. *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235 (2018).

Sobre el carácter sumario de desahucio, nuestro Tribunal Supremo ha expresado que ello responde al interés del Estado en atender rápidamente las reclamaciones por parte de los dueños de inmuebles que ven interrumpido su derecho a poseer y disfrutar de su propiedad. *Ortiz Zayas v. ELA, supra; Cooperativa v. Colón Lebrón, supra*, pág. 820; *Adm. Vivienda Pública v. Vega Martínez*, supra, pág. 240; *ATPR v. SLG Volmar-Mathieu, supra.*

Respecto al procedimiento sumario en casos de desahucio, el Tribunal Supremo ha expresado que: "*la necesidad de que ocasionalmente el procedimiento sumario de desahucio se convierta en uno ordinario, no puede llevarnos a configurar una regla automática*". *Turabo Ltd. Partnership v. Velardo Ortiz, supra*, pág. 241. Es doctrina general establecida por el Tribunal Supremo que los conflictos de título no pueden dilucidarse en el juicio de desahucio por ser este uno de carácter sumario en que únicamente se trata de recobrar la posesión de un inmueble por quien tiene derecho a ella. *CRUV v. Román, supra*, pág. 321. Bajo ese crisol doctrinario, si un demandado en desahucio produce prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el del demandante surge un conflicto de título que hace improcedente la acción de desahucio. *Íd.,* pág. 322.

Una vez esgrimidas las defensas presentadas por el demandado, el juzgador deberá auscultar sus méritos, los hechos específicos que se aducen y discrecionalmente ordenar la conversión del procedimiento al juicio ordinario. *Turabo Ltd. Partnership v. Velardo Ortiz, supra*, págs. 245-246. Es decir, más allá de sus alegaciones, el demandado debe demostrar con hechos específicos que se justifica convertir el procedimiento en uno ordinario. *Íd.,* pág. 247. De esta forma el tratamiento de todos los demás derechos y cuestiones accesorias o colaterales sólo corresponde a la acción ordinaria, ya que el único

pronunciamiento en la sentencia de desahucio sumario es si procede o no ordenar el desalojo. *Fernández & Hno. v. Pérez, supra*, pág. 248.

**-B-**

La acumulación indispensable de partes está gobernada por la Regla 16 de Procedimiento Civil. 32 LPRA, Ap. III, R. 16. Específicamente, la Regla 16.1 de Procedimiento Civil, *supra*, dispone:

> Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada.

El interés de la parte en el litigio debe ser de "[...] *tal orden que impida la confección de un derecho adecuado sin afectarle o destruirle radicalmente sus derechos*". *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 223 (2007).

Así pues, una parte indispensable es aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada en su ausencia. *Pérez Ríos et al. v. CPE,* 2023 TSPR 136, 213 DPR __ (2023). Esta regla persigue el propósito de proteger a la persona ausente de los posibles efectos perjudiciales de un dictamen judicial y evitar la multiplicidad de pleitos. *Íd.*

Al determinar si una persona es una parte indispensable en un pleito, se requiere un enfoque pragmático e individualizado, a tenor con las particularidades de cada caso. *García Colón et al. v. Sucn. González*, 178 DPR 527, 549 (2010). En ese sentido, el tribunal deberá evaluar los intereses envueltos y distinguir entre los diversos géneros de casos. *Deliz et als. v. Igartúa et als.*, 158 DPR 403, 434 (2003). Ello "exige una evaluación jurídica de factores tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad". *Íd.* citando a *Sánchez v. Sánchez*, 154 DPR 645, 678 (2001). Además, deberá examinar si el tribunal "podrá hacer justicia y

conceder un remedio final y completo sin afectar los intereses del ausente". *Pérez Rosa v. Morales Rosado, supra.*

Una vez se concluya que una parte es indispensable, el pleito no podrá adjudicarse sin su presencia. *Pérez Ríos et al. v. CPE, supra; Pérez Rosa v. Morales Rosado, supra.* En tal caso, dicha persona tiene que hacerse formar parte en el pleito.

> De tal arraigo es el interés de proteger a las partes indispensables, que la no inclusión en el pleito de una parte indispensable constituye una defensa irrenunciable, la cual puede presentarse en cualquier momento durante el proceso. Incluso, los tribunales apelativos deben levantar *motu proprio* la falta de parte indispensable, debido a que ésta incide sobre la jurisdicción del tribunal. De reconocerse que está ausente una parte indispensable, debe desestimarse la acción. Sin embargo, dicha desestimación no tendrá el efecto de una adjudicación en los méritos ni, por ende, de cosa juzgada. *Pérez Rosa v. Morales Rosado, supra,* págs. 223-224. (Citas omitidas).

Finalmente, el estándar que debe cumplir quien alega ser parte indispensable en un pleito consiste en establecer un interés común con el que demuestre que sin su presencia no puede adjudicarse la controversia. Adviértase que no se trata de un mero interés en la controversia, sino de aquel de tal orden que impida la confección de un decreto adecuado sin afectarlo. *Pérez Ríos et al. v. CPE, supra; Deliz Muñoz v. Igartúa, supra; Sánchez Encarnación v. Sánchez Brunet, supra.* Este debe ser, además, de índole real e inmediato. *FCPR v. ELA et al.*, 211 DPR 521, 531 (2023).

**-C-**

Nuestro ordenamiento jurídico exige que los participantes de un pleito o negocio jurídico reúnan varios criterios para participar del mismo. Uno de estos criterios es la capacidad. La *capacidad* se define como: "[la] habilidad para comparecer a un proceso sin la asistencia de otra persona". J.A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1ra ed. rev., [Ed. del autor], 2012, pág. 131. Sabido es que la personalidad jurídica otorga la facultad de demandar y ser demandado. Artículo 227 Código Civil, 31 LPRA. sec. 5881.

El Artículo 217 del Código Civil de Puerto Rico, 31 LPRA sec. 5862, establece que serán personas jurídicas:

(a) el organismo y la entidad de interés y financiamiento público cuya ley orgánica le reconoce personalidad jurídica;

(b) la corporación, compañía, sociedad, sociedad especial, fundación y otras asociaciones de personas con manifiesto interés particular, sean civiles, mercantiles o industriales, tengan o no fines de lucro, a las que la ley concede personalidad jurídica independiente de la de sus constituyentes.

La personalidad de las corporaciones se regulará por las leyes que las hayan creado o reconocido. Para poder operar como corporación, la empresa deberá satisfacer las exigencias que dispone la Ley Núm. 164 de 16 de diciembre de 2009, según enmendada, conocida como Ley General de Corporaciones (en adelante, "Ley General de Corporaciones"). 14 LPRA secc. 3501 *et seq.*

La Ley General de Corporaciones establece el proceso a seguir para crear e incorporar una corporación. A tales efectos, el Artículo 1.05(a), 14 LPRA sec. 3505(a), dispone que:

(a) **Otorgado y radicado el certificado de incorporación**, según lo dispuesto en la sec. 3503(d) de este título y pagados los derechos requeridos por ley, la persona o las personas que de tal modo se asociaren, sus sucesores y sus cesionarios, **constituirán**, a partir de la fecha de dicha radicación, o de haberse establecido en el certificado de incorporación, desde una fecha posterior que no exceda de noventa (90) días, **una entidad corporativa** con el nombre que aparezca en el certificado, sujeta a disolución según se dispone en esta Ley. (Énfasis suplido)

Una vez la corporación ha sido incorporada, el Artículo 2.02 de la Ley General de Corporaciones establece que:

Toda corporación creada al amparo de las disposiciones de esta Ley tendrá facultad para:
[…]
B. **Demandar y ser demandada bajo su nombre corporativo en cualquier Tribunal y participar en cualquier procedimiento judicial, administrativo, de arbitraje o de cualquier otro género** […]. 14 LPRA sec. 3522. (Énfasis suplido)

En otras palabras, la corporación queda incorporada y adquiere personalidad jurídica desde el momento de la expedición del certificado de incorporación.

**III.**

La Sra. Reyes Santos acude ante este Tribunal y solicita que revoquemos la *Sentencia* del 20 de septiembre de 2023 en la cual el TPI declaró Ha Lugar una demanda de desahucio y ordenó el desalojo de la apelante de los Apartamentos 701 y 702, propiedad de Santurce Estates. La apelante realiza un total de cuatro señalamientos de error.

Mediante el primer señalamiento de error, la apelante alega que erró el foro *a quo* al declarar con lugar la demanda de desahucio en precario aun cuando faltaba una parte indispensable. Específicamente, la Sra. Reyes Santos aduce que su hijo menor de edad no fue emplazado, a pesar de este ser parte indispensable. En consecuencia, la apelante argumenta que el Tribunal carece de jurisdicción sobre su persona. No le asiste la razón.

Según discutido, la parte indispensable es aquella con un interés común, sin cuya presencia no puede adjudicarse la controversia. El interés de la parte en el litigio debe ser de "[...] *tal orden que impida la confección de un derecho adecuado sin afectarle o destruirle radicalmente sus derechos*". *Pueblo v. Henneman,* 61 DPR 189, 194 (1942).

De ordinario, los hijos menores de edad no emancipados no tienen potestad sobre su lugar de residencia. Como parte de la patria potestad, los progenitores poseen la facultad de determinar el lugar en donde residirán con sus hijos menores de edad. La Sra. Reyes Santos, en el ejercicio de su patria potestad, decidió residir y permanecer en precario junto a su hijo en los Apartamentos 701 y 702.

Por otra parte, entendemos que, en ausencia de una controversia *bona fide* sobre la titularidad del inmueble que haga improcedente la acción de desahucio, el menor de edad no es una parte sin cuya presencia no podía adjudicarse el pleito de epígrafe. El hecho de que el menor de edad no hubiera formado parte del procedimiento no impedía que el TPI dictara una sentencia, una vez comprobado que se trataba de una posesión material o disfrute en precario.

Coincidimos con el análisis del TPI, a base del cual concluyó que el menor de edad no es parte indispensable en la acción de desahucio y expresó:

> [...] El planteamiento realizado por la parte demandada significaría que en todos los casos de desahucio se tengan que acumular todos los integrantes de una unidad familiar, independientemente de quiénes sean los responsables de un contrato de arrendamiento, o del pago de una hipoteca, o de quién ocasiona la situación de precariedad. Ese no es nuestro estado de derecho.

En cuanto al segundo señalamiento de error, la apelante aduce que el negocio jurídico a través del cual Santurce Estates advino titular de los Apartamentos 701 y 702 es nulo. Sostiene que el Sr. Vega Pacheco no tenía la autoridad para otorgar la escritura de permuta en representación de la corporación, toda vez que no se presentó prueba documental que acreditara dicha facultad. No le asiste la razón. Veamos.

En la misma *Escritura de Permuta Número Uno (1),* el Notario hizo constar que tuvo ante sí la Resolución Corporativa del 17 de marzo de 2023 en la cual Santurce Estates le concedió a su Presidente, el Sr. Vega Pacheco, el poder de otorgar la permuta en representación de la corporación. A tales efectos, la Escritura lee como sigue:

> ---FOR THE SECOND PART: SANTURCE ESTATES, INC., a for profit corporation organized and/or "THE EXCHANGEE", **which appears herein represented by its President, Roberto Vega Pacheco**, of legal age, single, executive and a resident of Guaynabo, Puerto Rico, **whose power to appear on this deed on behalf of THE EXCHANGEE derives from a Corporate Resolution to that effect, of March seventeen (17) two thousand and twenty three (2023), the original of which was shown to me, the Notary Public, and of which I have retained a copy for my records**.--------------------(Énfasis suplido).[6]

Asimismo, sobre la identificación de los comparecientes el Notario certificó lo siguiente:

> ---That I have identified the person appearing as the EXCHANGEOR by examination of his Puerto Rico driver´s license, which has his photo, signature, and is currently valid, and per his representations as to his legal age, marital status and residence. I also attest (give faith) that I personally know the natural person appearing on behalf of THE EXCHANGEE, **and that I have had before me the original**

---

[6] Véase Apéndice del Apelado a la pág. 4 (*Escritura de Permuta Número Uno (1)*).

> **Corporate Resolution of the Board of Directors of THE EXCHANGEE**, **of which I have maintained for my record, and that it authorizes the natural person appearing herein on behalf, as its President, and that it meets the provisions of Article ten (10) of Law 210 of December eight (8), two thousand fifteen (2015)**, known as the Law Property of the Commonwealth of Puerto Rico. (Énfasis suplido).[7]

A su vez, el Artículo 10 de la Ley Núm. 210 de 8 de diciembre de 2015, 30 LPRA sec. 6017, dispone:

> [...] **En aquellos casos donde el acto o contrato que se pretende inscribir requiere la existencia de algún documento o documentos complementarios que acrediten las facultades representativas o autoridad del compareciente, el notario relacionará y certificará bajo su fe notarial que los tuvo ante sí y que estos cumplen con todos los requisitos de ley. En este caso, no será necesario que se presenten estos documentos**. (Énfasis suplido).

Como corolario de lo anterior, y según la fe pública notarial, se presume que la Escritura en controversia es válida, pues, al ser un documento público, otorgado ante notario, le cobija la presunción de credibilidad y certeza de que lo afirmado en ella es cierto, correcto y concuerda con la realidad. Mediante el señalamiento de error, los apelantes pretenden cuestionar la fe pública notarial que permea nuestro ordenamiento jurídico. Por lo tanto, le correspondía a la apelante rebatir la presunción de validez y legalidad que acompaña el documento en cuestión. No obstante, la apelante no presentó prueba que rebatiera lo consignado por el notario sobre la autorización del Sr. Roberto Vega Pacheco, otorgada en virtud de la Resolución Corporativa que tuvo ante sí. Resulta forzoso concluir que el Presidente de Santurce Estates, el Sr. Roberto Vega Pacheco estaba autorizado para comparecer en representación de la corporación en el negocio de permuta.

Mediante el tercer señalamiento de error, la apelante plantea que el TPI incidió al denegar la solicitud de paralización. Adelantamos que, carecemos de jurisdicción para revisar la denegatoria, toda vez que, al no recurrir ante este foro, su planteamiento se tornó académico. De igual

---

[7] Véase Apéndice del Apelado a las págs. 4-5 (*Escritura de Permuta Número Uno (1)*).

manera, añadimos que, el asunto sobre hogar seguro ya fue dilucidado en el caso SJ2023RF00306.

En numerosas ocasiones la Sra. Reyes Santos solicitó la paralización de los procedimientos ante el TPI y cada una de estas solicitudes fueron denegadas. La última denegatoria fue dictada el 11 de agosto de 2023 mediante *Orden* en la cual el TPI resolvió en la negativa una moción de reconsideración de la apelante y ordenó la continuación de los procedimientos.

Veamos, además, que mediante el cuarto señalamiento de error la apelante alega que erró el foro primario al denegar la conversión del procedimiento. La solicitud sobre conversión del procedimiento fue resuelta mediante *Resolución* del 26 de junio de 2023. Como es sabido, la Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 47, les concede a las partes un término de quince (15) días para solicitar la reconsideración de una orden o resolución. Surge del expediente ante nuestra consideración que la parte apelante nunca solicitó la reconsideración del referido dictamen. La Sra. Reyes Santos tampoco solicitó su revisión ante esta Curia, conforme dispone la Regla 32 de nuestro Reglamento, *supra*. Resulta menester destacar que, en el caso de autos no existe confusión sobre la titularidad de los apartamentos.

Finalmente, debemos puntualizar que, estamos conscientes de que esta determinación priva a un menor del lugar que ha mantenido como hogar durante estos últimos años. Sin embargo, nos encontramos ante asuntos meramente procesales, los cuales nos impiden intervenir con la determinación del foro apelado. En el caso de marras, la apelante no logró acudir ante esta Curia dentro de los treinta (30) días que dispone nuestro Reglamento para la revisión de órdenes o resoluciones. Por otra parte, a la luz del derecho aplicable, sostenemos que las argumentaciones en derecho realizadas por la apelante son improcedentes. Además, en estricto derecho, Santurce Estates es la parte con titularidad sobre los Apartamentos 701 y 702. Finalmente, reiteramos que, durante la Vista de

Desahucio, la apelante optó por no presentar prueba testifical o documental que rebatiera las alegaciones presentadas por el apelado. Ante este cuadro fáctico, nos vemos obligados a confirmar la *Sentencia* apelada.

## IV.

Por los fundamentos expuestos, se *Confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones